Nash, O. J.
 

 The action is in tort, for a deceit in the sale of a jack. The plaintiff and his brother, Cyrus Scott; were the joint-purchasers of the jack. The action is brought by G. "W. Scott alone. On the trial, the brother, Cyrus, was offered by him as a witness, and, upon objection, was set aside by the Court. Cyrus then executed a release to to the plaintiff of all his interest, and the Court held he was then a competent witness. In this there is error.
 

 
 *542
 
 Iii all actions on contracts, all in whom the legal interest vests should, in general, he made parties plaintiff; and if any be omitted, whom the law requires to be joined, the defendant
 
 may
 
 take advantage of the omission on the trial, under the general issue, as the contract proved will not be the same declared on; or he may move in arrest of judgment, or proceed by writ of error if the defect appear on the record. In an action simply of tort, as in trespass to property, real or personal, the defendant must plead in abatement the nonjoinder of a part-owner, and cannot take advantage of the defect, by way of nonsuit on the trial; because one joint-owner may recover his aliquot portion of the damages sustained, if no notice by plea is given him that the defendant intends to rely upon the defect. There is yet a third class of cases under which this arranges itself; they are actions of tort arising
 
 ex coni/raetu.
 
 There the defendant
 
 may
 
 plead in abatement, or take advantage on the trial, as in an action purely of contract. 1 Pos. and Pul. 71, and 2 N. R., which is the 3rd vol. of Eos. and Pul. Story on Pleading, pp. 20, 87.
 

 This is an action
 
 quasi ex
 
 contractu, in which the defendant may take advantage of the non-joinder, under the general issue, on the trial. It was necessary for the plaintiff to prove his contract, in order to sustain his action; for, if there were no sale, there could be no fraud. See
 
 Gwynn
 
 v. Setzer, ante 382. In doing that, he necessarily showed that Cyrus, his brother, was a joint-purchaser with him, and his Honor ought to have ordered a nonsuit; and if the plaintiff objected, he ought to have directed the jury, that the plaintiff could not maintain his action. It must have been upon the ground that the witness was a necessary party plaintiff, that he was regarded incompetent in the first place; for his release to the plaintiff could not confer upon him aipy interest which he did not at the time possess. The witness? interest in the damages sought to be recovered, was a mere chose in action, and not the subject of an assignment at law. Suppose one of two obligees in a bond, assign to his co-obligee all his interest in the bond, could the assignment authorise the co-obligee to
 
 *543
 
 sue in Ms own name alone ? Surely not. The action would still have been in the name of both, unless one were dead. After the release then, in this case, the rule of pleading remained still the same. Cyrus was a necessary plaintiff to the action. If it were not so, it would be very easy, where there are two obligees, for one to bring the action, and then to introduce as a witness, Ms joint-partner in the contract, upon the latter’s executing a release, which would, at law, have no operation.
 

 That his Honor considered the action as resting on the contract, is evidenced by his suffering the plaintiff to recover full damages, wliicli would have been error if it had been for a mere tort.
 

 Per Curiam:.
 

 Judgment reversed, and a
 
 venire ele novo.