20601

L. B. GASQUE, Appellant, v. EAGLE MACHINE COMPANY, LIMITED, Sperry Rand, Roy Burt, d/b/a Carthage Farm Supply, and George Richardson, d/b/a George Richardson Farm Supply, of whom Sperry Rand, is Respondent (Fifteen Cases).

(243 S. E. (2d) 831)

*Stevens, Stevens & Thomas,* of Loris, *W. T. Johnson, Jr.,* and *Burroughs, Green, Sasser, Hudson and Bruner,* of Conway, *for Appellants,*

*Henry B. Smythe,* of Charleston, *for Respondent,*

*Sherwood M. Cleveland,* of *McKay, Sherill, Walker & Townsend,* ·Columbia, *for The National Ass'n of Manufacturers of the United States of America, A. Hoyt Rowell, III,* of *Gibbs, Gaillard, Rowell & Tanenbaum,* Charleston, *for S. C. Trial Lawyers Ass'n, amicus curiae.*

February 9, 1978.

LEWIS, Chief Justice:

The appellant, L. B. Gasque, brought this action for breach of warranty against Eagle Machine Company, Sperry Rand (a corporation), and two individual defendants. In its Answer, Sperry Rand asserted a defense of lack of privity between itself and Gasque. At the trial of the case, the lower court granted Sperry Rand's motion for an involuntary nonsuit on the ground of lack of privity and Gasque has appealed. We are of the opinion that the trial court committed reversible error in ordering the nonsuit. Fourteen other cases, in which Eagle Machine Company and Sperry Rand are included as defendants, have been consolidated for the purposes of this appeal and will be controlled by this decision on the issue of privity.

This dispute involves an automatic tobacco picker which was developed, manufactured and sold by Eagle Machine Company, a Canadian Corporation. A number of these machines were sold in Horry County by Roy Burt, an agent-distributor of Eagle Machine Company and by certain retail dealers, including George Richardson. A division of Sperry

Rand manufactured a hydraulic pump which was utilized as a component part in each tobacco picker.

Gasque's complaint alleged that the pump and tobacco picker did not function properly, resulting in his inability to harvest his crops, which burned in the field causing economic loss. Only damages for economic loss are sought. No evidence was presented at the trial that Sperry Rand made any representations to Gasque or had any dealings with him.

All agree that the question to be decided is as follows:

Did the lower court err in holding, as a matter of law, that privity of contract is required under the South Carolina Commercial Code to maintain a cause of action by a consumer against a component part manufacturer where damages for breach of express and implied warranties and incidental and consequential damages in the form of economic losses are sought?

The damages sought by appellant are for the difference in value of the product (picker) as warranted and as the picker in fact performed, and consequential economic loss occasioned by its alleged defective performance.

Section 36-2-318 of the 1976 Code of Laws controls the determination of the present question and reads as follows:

A seller's warranty whether express or implied extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. A seller may not exclude or limit the operation of this section.

The plain language of the foregoing section dispenses with the necessity of privity as to any natural person who may be expected to use, consume or be affected by the product, and extends third party beneficiary protection to this class of person with respect to both injury and damage to "person or property". The statute, therefore, clearly allows appellant to sue respondent, Sperry Rand, for damages to

property resulting from breach of warranty, "whether express or implied," notwithstanding any lack of privity.

The issue then is whether damages in the form of diminution in value of the defective product and consequential economic loss constitute damage to the *property* of appellant within the meaning of Code Section 36-2-318.

We do not understand the contention to be that the damages sought in this case are not property damages in the accepted meaning of the word "property". In any event, the generally accepted meaning of "property" as set forth in *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513, leaves no doubt that diminution in value of the subject product and consequential loss of profits occasioned by its defective performance constitute property damage.

Apparently the basis of the position, that the damages sought in this case are not damages to property within the meaning of Code Section 36-2-318, is the attempted interpolation of the word "other" before the word "property" in the statute, so as to make the statute read "whose person or (other) property is damaged." In other words, by so doing, the damage to property referred to would mean damage to other property than the product in question as distinguished from damages in the form of "economic losses caused by loss of bargain."

There is nothing in the language of Section 36-2-318 to suggest that the General Assembly intended to exclude "economic loss" from the category of property damage. If such had been the legislative intent it is inconceivable that so simple an act as inserting the word "other" would have been overlooked. When the language of the statute is given its ordinary meaning, as we are required to do, it clearly applies to claims for economic loss. See: *Hiles Company v. Johnston Pump Company of Pasadena, California* (Nev.), 560 P. (2d) 154, and authorities cited therein.

In view of the plain language of the statute and its controlling effect, no profit can be gained by a long dissertation upon prior decisions or alleged Reporter's comments as to the statute's meaning.

The judgment is accordingly reversed and the cause remanded for further proceedings.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the lower court.

The lower court, in granting the nonsuit, relied upon the case of *Odom v. Ford*, 230 S. C. 320, 95 S. E. (2d) 601 (1956). That case was decided before the adoption of the South Carolina Uniform Commercial Code, which became effective January 1, 1968. Under the common law therein declared, there can be no argument but that Gasque's claim could not be sustained. It is the contention of Gasque that § 36-2-318 of the Uniform Commercial Code changed the common law of this state as relates to the claim here involved. That Code section reads as follows:

"§ 36-2-318. Third party beneficiaries of warranties express or implied.

A seller's warranty whether express or implied extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. A seller may not exclude or limit the operation of this section."

Gasque does not rely, as relates to Sperry Rand, upon any alleged express warranty. The claim against Sperry Rand is based solely on implied warranty involving a claim for loss of anticipated profits, which we refer to as economic loss. This Code section deals only with claims for damages to persons and property and does not change the common

law of this state as relates to privity of contract involving claims for economic loss based on alleged breach of implied warranties.

The statute creates rights not existing before its passage. The rights created are limited to those enumerated. It does not include economic loss or loss of anticipated profits. Such is not encompassed in the ordinary meaning of "property." There is nothing within the statute to indicate that the legislation intended to extend the warranty to economic loss and such should not be extended by judicial fiat.

In my view, the lower court properly granted the motion for an involuntary nonsuit, and accordingly the judgment of the lower court should be affirmed.