CALEY EUGENE ALBERTI AND LINDA HAGGINS ALBERTI v. MANUFACTURED HOMES, INC., D/B/A AAA MOBILE HOMES, AND BRIGADIER HOMES, INC.

No. 885SC1134

(Filed 1 August 1989)

1. **Uniform Commercial Code § 23— mobile home—revocation of acceptance—no contractual relationship with manufacturer**

The trial court erred in an action for damages arising from the purchase of a mobile home by denying defendant manufacturer's motions for a directed verdict and judgment n.o.v. Plaintiffs had revoked their acceptance of the mobile home, but revocation of acceptance under the Uniform Commercial Code is available only against a seller unless a contractual relationship exists between the manufacturer and the ultimate consumer. Statements made by the manufacturer's

ALBERTI v. MANUFACTURED HOMES, INC.

[94 N.C. App. 754 (1989)]

agent solely to the seller's agent cannot be construed to have created a contractual relationship between the manufacturer and the plaintiffs; the evidence that defendant sent its service representative to the home cannot be held to create a contract between it and plaintiffs; and plaintiffs did not allege in their complaint that they purchased the home because of the warranty flowing from defendant to them. N.C.G.S. § 25-2-608.

2. **Sales § 8— mobile home sale—privity of contract—breach of warranty not submitted to jury**

Although plaintiffs in an action to recover damages arising from the sale of a mobile home cited *Kinlaw v. Long Mfg.*, 298 N.C. 494, for the proposition that privity of contract is not required in actions for breach of express warranty in the sale of goods by a purchaser against a manufacturer, no issue of breach of warranty between plaintiffs and defendant manufacturer was submitted to the jury, plaintiffs did not cross-assign error to the trial court's failure to do so, and the breach of warranty issue does not apply.

3. **Appeal and Error § 45.1— notice of appeal—no appellant's brief—questions not preserved**

Plaintiffs failed to preserve any question for appellate review where they gave notice of appeal to an order amending judgment and to entry of the judgment itself, did not file an appellants' brief, and attempted in their appellees' brief to challenge certain aspects of the judgment. N.C. Rules of Appellate Procedure, Rule 10(d), Rule 28(a), Rule 28(b).

APPEAL by defendant Brigadier Homes, Inc. and plaintiffs from *Barefoot, Napoleon B., Judge*. Judgments entered 3 March 1988 and 9 June 1988 in NEW HANOVER County Superior Court. Heard in the Court of Appeals 16 May 1989.

This is a civil case wherein defendant seeks reversal of the trial court's judgment allowing plaintiffs to revoke their acceptance of a mobile home. The evidence presented at trial tended to show that in August 1984 plaintiffs purchased a mobile home manufactured by defendant Brigadier Homes from AAA Mobile Homes. Lowell Bockert, who was branch manager of AAA Mobile Homes at that time, testified that he sold plaintiffs the double wide Brigadier Caprice model. Plaintiffs had emphasized to him their desire to purchase a home containing plywood flooring, as they had experi-

enced problems with particle board flooring in the past. Bockert assured them that the flooring in the Brigadier Caprice was not constructed with particle board, but with a new material called "Novadeck."

Prior to his interactions with plaintiffs Bockert had received a presentation from Donald Phillips, Brigadier Homes' sales representative. The purpose of this meeting was to enable retail mobile home sellers to illustrate advantages of a particular manufacturer's merchandise to prospective customers. Bockert testified that during the presentation Phillips told him that the home eventually sold to plaintiffs contained Novadeck flooring, which was waterproof, stronger, and thicker than particle board, and that he relied upon this information in his dealings with plaintiffs.

Donald Phillips testified that he met with Bockert at AAA Mobile Homes to discuss the Brigadier Caprice model, but denied having represented that its flooring was Novadeck. He also denied having told Bockert that the flooring was waterproof or that it was stronger or thicker than ordinary particle board.

Plaintiffs purchased the home on 20 August 1984 and received a 365-day manufacturer's limited warranty covering defects in material and workmanship. Shortly thereafter it developed a leak, which damaged the floor. A Brigadier Homes' service representative visited the home in response to plaintiffs' complaints and told them that their flooring was ordinary particle board. Plaintiffs sent notice of revocation of their acceptance of the home to AAA Mobile Homes and Brigadier Homes on 25 April 1985.

Plaintiffs subsequently negotiated a settlement with AAA Mobile Homes. At trial, defendant Brigadier Homes moved for directed verdict at the close of all of the evidence, and the trial court denied the motion. The jury found that defendant represented that the mobile home contained Novadeck flooring. It also found that plaintiffs gave defendant proper notice of revocation of acceptance.

On the jury's verdict, the trial court entered the following judgment:

> This cause coming on to be heard at the February 22, 1988 session of the Superior Court of New Hanover County. A jury having been impaneled and both parties having presented

their evidence, the following issues were submitted to the jury and answered as indicated.

1. Did the defendant, Brigadier Homes, Inc., represent that the mobile home contained Nova deck flooring?

ANSWER: Yes

2. Did the plaintiffs give proper notice of revocation of acceptance of the mobile home to the defendant, Brigadier Homes, Inc.?

ANSWER: Yes

Pursuant to the jury verdict set forth above and the stipulations entered into between the parties and the instructions of the judge presiding with regard to the meaning of the two factual issues submitted to the jury:

It is hereby ADJUDGED, ORDERED and DECREED that the plaintiff have and recover of the defendant, Brigadier Homes, Inc., the sum of $12,184.00 (Twelve Thousand One Hundred Eighty-Four Dollars and No/100) as restitution and that the plaintiff's [sic] were entitled to revoke and did revoke the mobile home purchase contract.

It is further ADJUDGED, ORDERED and DECREED that the plaintiff have and recover of the defendant, Brigadier Homes, Inc., the sum of $1,500.00 (One Thousand Five Hundred Dollars and No/100) as an award of treble damages for a violation by the defendant, Brigadier Homes, Inc., of N.C.G.S. 75-1.1, in that the defendant falsely represented the flooring in the mobile home sold to the plaintiffs which misrepresentation resulted in damages to plaintiffs in the amount of $500.00 (Five Hundred Dollars and No/100).

It is further ADJUDGED, ORDERED and DECREED that the plaintiffs have and recover of the defendant, Brigadier Homes, Inc., interest at the rate of 8% (eight percent) from September 1, 1984, the date Plaintiff's [sic] first learned of the breach, until the judgment herein provided is paid.

. . .

The trial court denied defendant's motion for judgment notwithstanding the verdict. It granted in part defendant's motion to amend the judgment by order entered 9 June 1988, by awarding interest

only from the date of the judgment, 24 February 1988. It further ordered that plaintiffs deliver the mobile home to Brigadier Homes upon payment of restitution.

*Poisson, Barnhill & Britt, by James R. Sugg, Jr., for plaintiff appellee-appellants.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Vaiden P. Kendrick, for defendant appellant-appellee Brigadier Homes, Inc.*

WELLS, Judge.

[1] Defendant assigns error to the trial court's denial of its motions for directed verdict and for judgment notwithstanding the verdict. Motions for directed verdict or judgment notwithstanding the verdict are properly granted only if the evidence is insufficient to support a verdict for the nonmovant as a matter of law. *West v. Slick*, 313 N.C. 33, 326 S.E. 2d 601 (1985).

Revocation of acceptance, a remedy afforded to buyers of goods pursuant to the Uniform Commercial Code, is generally considered to be available only against a seller. *See* N.C. Gen. Stat. § 25-2-608 (1986). It is available against a manufacturer only if a contractual relationship exists between the manufacturer and the ultimate consumer. *Wright v. O'Neal Motors*, 57 N.C. App. 49, 291 S.E. 2d 165, *disc. rev. denied*, 306 N.C. 393, 294 S.E. 2d 221 (1982).

Plaintiffs contend that the evidence presented at trial demonstrated the existence of such a relationship; they assert that statements made by the manufacturer's sales representative to the retail salesman, which were related to them and upon which they relied, as well as direct contact between plaintiffs and defendant's service representative, created a contractual relationship between plaintiffs and defendant manufacturer. We disagree. These statements, which were made by the manufacturer's agent solely to the seller's agent, cannot be construed to have created a contractual relationship between the defendant manufacturer and plaintiffs. Nor could the evidence that defendant sent its service representative to the home be held to create a contract between it and the plaintiffs. Furthermore, plaintiffs did not allege in their complaint that they purchased the home because of the 365-day warranty flowing from defendant to them. *See Wright, supra.* Because of the absence of a contractual relationship between the parties, we hold that revocation of acceptance is not available to plaintiffs, as a matter of law. The trial court erred in denying

ALBERTI v. MANUFACTURED HOMES, INC.

[94 N.C. App. 754 (1989)]

defendant's motions for directed verdict and judgment notwithstanding the verdict.

[2] In the alternative, plaintiffs argue that privity of contract is not required because defendant breached an express warranty. They cite *Kinlaw v. Long Mfg. N.C.*, 298 N.C. 494, 259 S.E. 2d 552 (1979), for the proposition that privity of contract is not required in actions for breach of express warranty in the sale of goods by a purchaser against a manufacturer. Although this statement of the holding in *Kinlaw* is correct, that case does not apply to these facts.

*Kinlaw* held that "the absence of contractual privity no longer bars a direct claim by an ultimate purchaser against the manufacturer for breach of the manufacturer's express warranty which is directed to the purchaser." *Williams v. Hyatt Chrysler-Plymouth*, 48 N.C. App. 308, 269 S.E. 2d 184, *disc. rev. denied*, 301 N.C. 406, 273 S.E. 2d 451 (1980). In the case now before us, no issue of breach of warranty between plaintiffs and defendant manufacturer was submitted to the jury, and plaintiffs have not cross-assigned error to the trial court's failure to do so. The breach of warranty remedy, upon which plaintiffs now rely to support the judgments, simply does not apply in this case.

Because of our disposition of this appeal we do not consider defendant's other assignment of error.

[3] Plaintiffs gave notice of appeal as to the order amending the judgment and as to the entry of the judgment itself. Plaintiffs did not file an appellants' brief, but have attempted in their appellees' brief to challenge certain aspects of the judgment. Thus, they have failed to preserve any question for our review. *See* Rule 10(d) and Rule 28(a) and (b) of the North Carolina Rules of Appellate Procedure.

That portion of the trial court's judgment awarding plaintiffs damages "as restitution" is

Reversed.

In all other respects, the trial court's judgment is affirmed.

The amendment to the judgment is vacated.

Chief Judge HEDRICK and Judge ARNOLD concur.