WILLIAM M. BERNICK v. CRAIG JURDEN, COOPER OF CANADA, LTD.,
COOPER INTERNATIONAL, INC. AND WAKE FOREST ICE HOCKEY CLUB

No. 36A81

(Filed 13 July 1982)

1. **Appeal and Error § 6.2— summary judgment for fewer than all defend-
ants — appeal not premature**

   Where plaintiff alleged that the conduct of all four defendants caused his
   injuries, he had a right to have the issue of liability as to all defendants tried
   by the same jury, and the trial court's order allowing summary judgment for
   fewer than all the defendants affected a substantial right of plaintiff and was
   immediately appealable because of the possibility of inconsistent verdicts in
   separate trials.

2. **Courts § 21.6; Uniform Commercial Code § 3— breach of warranty action—
which law applies**

   Although a mouthguard may have been purchased in Massachusetts and
   manufactured in Canada, its use in a hockey game in North Carolina wherein
   plaintiff suffered injuries is a "transaction bearing an appropriate relation to
   this State" within the meaning of G.S. 25-1-105 so that the law of this State
   governs the trial of plaintiff's claims for breach of warranties of the mouth-
   guard.

3. **Limitation of Actions § 4.6; Sales § 14.1; Uniform Commercial Code § 25—
products liability — breach of warranties — applicable statute of limitations**

   The statute of limitations of G.S. 25-2-725 did not apply to an action to
   recover damages for injuries received in a hockey game allegedly caused by
   breach of express and implied warranties of a mouthguard. Furthermore, since
   G.S. 1-50(6) makes substantive changes in the law of products liability, it did
   not apply to a claim arising before 1 October 1979. Rather, the time of accrual
   of plaintiff's claims for breach of warranties of the allegedly defective
   mouthguard was governed by former G.S. 1-15(b), and the period from accrual
   within which to bring the action was three years as provided in G.S. 1-52(1).

4. **Sales § 5; Uniform Commercial Code § 11— express warranty of mouthguard
—third-party beneficiary — inferred reliance**

   Plaintiff hockey player's claim for breach of an express warranty that a
   mouthguard provided the "maximum protection to the lips and teeth" was not
   barred on the ground that plaintiff did not rely on or read the express warran-
   ty since (1) plaintiff's mother was the purchaser of the mouthguard and plain-
   tiff as a third-party beneficiary of any express warranty made to his mother
   gets the benefit of the same warranty which she received as purchaser, and
   (2) reliance may be inferred considering the family purpose of the mother's
   purchase. G.S. 25-2-318; Official Comment 2 to G.S. 25-2-318.

5. **Sales § 8; Uniform Commercial Code § 12— implied warranty — privity not re-
quired**

   Under our developing case law, plaintiff hockey player's claim for breach
   of implied warranty of a mouthguard was not barred by lack of privity. Fur-

thermore, privity was not required in view of the legislative abolition of the privity requirement in products liability actions against a manufacturer for breach of implied warranty as of 1 October 1979. G.S. 99-2(b).

**6. Sales § 17; Uniform Commercial Code § 11— injury to hockey player—breach of warranty of mouthguard—summary judgment inappropriate**

    In an action to recover for injuries received by plaintiff hockey player when he was struck by a hockey stick and his mouthguard manufactured and sold by defendants shattered, summary judgment was not appropriate for defendants on plaintiff's claims for breach of expressed and implied warranties on the ground that the injuries to plaintiff were not foreseeable and that any warranties made, including a warranty of "maximum protection," do not insure against injury from a criminal assault with a hockey stick, since (1) it was not established that the blow amounted to a criminal assault, and (2) the existence and scope of any warranty as well as the nature and foreseeability of the blow from the hockey stick presented questions for the finder of fact.

    Justice MITCHELL took no part in the consideration or decision of this case.

    ON discretionary review of the Court of Appeals' dismissal of plaintiff's appeal from the trial court's entry of summary judgment in favor of defendants Cooper of Canada, Ltd. and Cooper International, Inc. at the 31 October 1980 Session of Superior Court, FORSYTH County.

    *Smith, Moore, Smith, Schell & Hunter, by McNeill Smith and Ben F. Tennille, Attorneys for Plaintiff-Appellant.*

    *Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by W. F. Maready, Ralph Stockton and Grover G. Wilson, Attorneys for Appellees Cooper of Canada, Ltd. and Cooper International, Inc.*

    MEYER, Justice.

    The major issue in this case is whether the trial court erred in granting summary judgment in favor of the defendants Cooper of Canada, Ltd. and Cooper International, Inc. In order to decide this issue, we must first determine whether plaintiff's appeal is premature. Then, we must answer several other questions: (1) which jurisdiction's law applies to plaintiff's warranty claims, (2) what is the applicable statute of limitations to plaintiff's warranty claims, (3) whether reliance must be alleged on the express warranty claim, (4) whether privity is required on the implied warranty claim, and (5) whether the defendants Cooper have established the lack of a genuine issue as to any material fact remaining on plaintiff's claims. For the reasons stated herein, we hold that the trial court erred in granting summary judgment.

In COUNTS ONE and TWO of his complaint filed 14 December 1979 and amended 8 February 1980, plaintiff alleged that while playing hockey for Georgia Tech against the Wake Forest Ice Hockey Club on the evening of 16 February 1979 in the Triad Arena in Greensboro, North Carolina, he was struck in the face, between his lips and nose, by a hockey stick swung by Craig Jurden, a player and team member of the Wake Forest Ice Hockey Club. Plaintiff's mouthguard was shattered, his upper jaw fractured, three of his teeth totally knocked out and a part of a fourth tooth broken off. Jurden was given a ten-minute major penalty which put him out of the game. The plaintiff alleged that defendant Jurden's conduct in striking him was reckless and negligent, and in the alternative, intentional and willful, and the proximate cause of his injuries.

In COUNT THREE of the complaint, the plaintiff alleged that the mouthguard he was wearing was manufactured by defendant Cooper of Canada, Ltd., a corporation having its principal office in Toronto, Ontario, Canada, and sold by its subsidiary, defendant Cooper International, Inc., a corporation having its principal office in Lewiston, New York. Plaintiff also alleged, *inter alia*, that these defendants knew when the mouthguard was made and sold that it was intended to be offered for sale and sold to and used by persons in the United States, including North Carolina; that plaintiff was using the mouthguard in a manner reasonably foreseeable by the defendants; that the defendants had expressly warranted to the plaintiff that the mouthguard would give "maximum protection to the lips and teeth"; that defendants breached this express warranty; and that the mouthguard crumbled and disintegrated and failed in its function, causing plaintiff's injuries.

In COUNT FOUR, the plaintiff further alleged that these defendants had breached an implied warranty that the mouthguard was reasonably fit and safe for use in hockey games; that plaintiff relied on this implied warranty in purchasing the mouthpiece and that its breach caused or contributed to his injuries.

COUNT FIVE alleged that in the sale of the mouthguard the defendants had placed on the market a defective product, which was unfit for its intended use, knowing that it would be used without inspection for its susceptibility to crumbling and disintegration, thereby proximately causing plaintiff's injuries.

In an amendment to the complaint, plaintiff added as an additional defendant the Wake Forest Ice Hockey Club, alleging that defendant Jurden's actions and negligence are imputed to the Club and further that the Club was negligent in its training and supervision of defendant Jurden.

In answer, defendants Jurden and the Wake Forest Ice Hockey Club denied the essential allegations of the complaint and moved that it be dismissed for failure to state a claim. Rule 12(b)(6). They further alleged assumption of the risk and contributory negligence by the plaintiff. In addition to these averments, defendants Cooper of Canada, Ltd. and Cooper International, Inc. alleged misapplication of the product in bar of plaintiff's recovery and prayed for indemnity against defendants Jurden and the Wake Forest Ice Hockey Club.

Plaintiff Bernick's forty-seven interrogatories to the Cooper defendants were filed 10 April 1980, and the answers thereto were filed 29 May 1980. There also appears in the record a "Summary of Evidence Presented at Plaintiff's Deposition."

Defendants Cooper then amended their answer to allege that the plaintiff's claims for breach of warranty accrued more than four years preceding the commencement of the action and were therefore barred "by G.S. 25-2-725, laches and other applicable statutes of limitation," and moved for summary judgment. Their motion was allowed and summary judgment for these defendants was entered 16 October 1980. The plaintiff excepted to the judgment and gave notice of appeal.

By order entered 18 March 1981 the Court of Appeals dismissed the plaintiff's appeal. This Court allowed plaintiff's petition for discretionary review on 5 May 1981.

This appeal does not involve the defendants Craig Jurden and the Wake Forest Ice Hockey Club as the only claims before us are those against the Cooper defendants.

I

[1] The threshold issue that this Court must decide is whether plaintiff's appeal in this case is premature. Since summary judgment was allowed for fewer than all the defendants and the judgment did not contain a certification pursuant to G.S. § 1A-1, Rule

54(b), that there was "no just reason for delay," plaintiff's appeal is premature unless the order allowing summary judgment affected a substantial right. G.S. §§ 1-277, 7A-27(d); *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976); *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950). As stated by the Court in *Bailey v. Gooding,* 301 N.C. 205, 210, 270 S.E. 2d 431, 434 (1980), "The 'substantial right' test for appealability is more easily stated than applied." *See Green v. Power Company,* 305 N.C. ---, --- S.E. 2d --- (No. 78A81, filed 5 May 1982); *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978). "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Personnel,* 294 N.C. at 208, 240 S.E. 2d at 343. Having considered the matters suggested in *Waters,* we hold that because of the possibility of inconsistent verdicts in separate trials, the order allowing summary judgment for fewer than all the defendants in the case before us affects a substantial right. Plaintiff Bernick alleged in his complaint that the conduct of the defendants Jurden and the hockey club and that of the defendants Cooper caused his injuries. He has a right to have the issue of liability as to all parties tried by the same jury. In a separate trial against the defendants Jurden and the hockey club, the jury could find that the blow by Jurden's hockey stick was not intentional, negligent, or was not the cause of plaintiff's injury and damages. Then, if summary judgment in favor of the Cooper defendants were reversed on appeal, at the ensuing trial the second jury could find that plaintiff's injuries were the result of Jurden's or the hockey club's negligent, intentional, or even malicious conduct, and either not foreseeable by or not within the scope of any warranties made by the Cooper defendants. Thus, the plaintiff's right to have one jury decide whether the conduct of one, some, all or none of the defendants caused his injuries is indeed a substantial right. Plaintiff's appeal is not premature, and the Court of Appeals erred in dismissing it.

## II

The remaining issue for review is whether the trial court erred in granting the defendants Cooper's motion for summary judgment. We hold that it did.[1]

Rule 56(c) of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

> An issue is genuine if it 'may be maintained by substantial evidence.' *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E. 2d 897, 901 (1972). *See also Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972).

> . . . [A] fact is material if it would constitute or would irrevocably establish any material element of a claim or defense. *See* M. Louis, A Survey of Decisions Under the New North Carolina Rules of Civil Procedure, 50 N.C. L. Rev. 729, 736 (1972).

*City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E. 2d 190, 193 (1980).

In order to prevail on their summary judgment motion, defendants must carry the burden of establishing the lack of a genuine issue as to any material fact and their entitlement to judgment as a matter of law. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

Defendants may meet their burden by (1) proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party (2) cannot produce evidence to support an essential element of his or her

---

1. Because of our decision on this issue, we need not decide whether the plaintiff can raise the question of whether summary judgment was premature based on his one Assignment of Error and Exception: "The Court erred in granting defendants' motion for summary judgment on the grounds that genuine issues of material fact remain to be determined on plaintiff's claims and plaintiff's breach of warranty claims were not barred by the statute of limitations. EXCEPTION NO. 1 (R p 29)"

claim, or (3) cannot surmount an affirmative defense which would bar the claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981).

> If the moving party meets this burden, the nonmoving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not so doing. *Moore v. Fieldcrest, supra; Zimmerman v. Hogg & Allen, supra.*

> If the moving party fails in his showing, summary judgment is not proper regardless of whether the opponent responds. *See generally* McIntosh, *supra.*

*City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E. 2d 190, 193.

Plaintiff alleged liability on the part of the defendants Cooper in three separate counts. In determining whether there exists a genuine issue as to a material fact, we consider first COUNT THREE and COUNT FOUR, wherein plaintiff alleged breaches of express and implied warranties.

(1)

[2] A preliminary question which arises on the warranty claims is whether North Carolina law applies. Under the law of Massachusetts, where the mouthguard was purchased, the requirement of privity of contract in warranty actions, express and implied, against a manufacturer of goods has been statutorily abolished. Mass. Gen. Laws, Ann. ch. 106, § 2-318. As of 16 February 1979, the date on which the plaintiff was injured, our Legislature had not yet made such an abolition. See section II(4) of this opinion, *supra.* The plaintiff argues that the law of Massachusetts applies. The defendants argue that where the pleadings are silent on this point North Carolina law applies and further, that regardless of choice of substantive law on the warranty claims, North Carolina will apply its own statute of limitations.

In 1965, the Legislature adopted the Uniform Commercial Code (hereinafter the UCC). 1965 N.C. Sess. Laws, ch. 700. Among the stated purposes and policies underlying the UCC are the simplification, clarification and modernization of the laws govern-

ing commercial transactions and the creation of uniformity of the law among the various jurisdictions. G.S. § 25-1-102.

G.S. § 25-1-105 governs the territorial application of the UCC. It provides that in the absence of the parties' agreement as to whether the law of this State or of another state or nation shall govern their rights and duties, the laws of this State apply to "transactions bearing an appropriate relation to this State." The North Carolina Comment which follows G.S. § 25-1-105 points out that this section is one of the most important preliminary sections of the UCC and "[i]t is believed that it modifies our conflict of laws rules." Indeed, it does.

As pointed out in the Comment, our courts have traditionally applied rigid conflict of laws rules. Generally, in an action for damages for injury sustained by reason of the failure of a product, the North Carolina rule has been that if the claim is based on breach of warranty, the substantive law of the place the contract was made applies, while if the claim is based on negligence, the law of the state where the injury occurred applies. *See Murray v. Aircraft Corporation*, 259 N.C. 638, 131 S.E. 2d 367 (1963). When the place of performance of the contract differs from the place where the contract was made, the traditional rule is that matters of performance and damages for nonperformance are governed by the law of the place of performance. *See Transportation, Inc. v. Strick Corp.*, 283 N.C. 423, 196 S.E. 2d 711 (1973).[2]

The provisions of G.S. § 25-1-105 were intended to change the rigid conflict of laws rules. The old rules must give way to the requirements of the Code. In determining which jurisdiction's law is applicable to actions based on breach of warranty, we no longer look only to where the contract was made or where it was intended to be performed. Rather, we look to whether the transaction bears an appropriate relation to the State.

---

2. In *Transportation, Inc.*, since the parties did not contend that any law other than that of the state of contracting governed in the action for breach of warranty, the Court applied that law although the contract was to be performed in another state. In a later appeal of *Transportation, Inc.*, the defendant argued that the substantive law of the place of performance controls the questions of breach of implied warranty and the measure of damages therefor. This contention was rejected, the Court ruling that its decision on the prior appeal constituted the law of the case. 286 N.C. 235, 210 S.E. 2d 181 (1974).

We hold that although the mouthguard may have been pur-
chased in Massachusetts and manufactured in Canada, its use in
the hockey game in North Carolina wherein the plaintiff suffered
his injuries is a "transaction bearing an appropriate relation to
this State" within the meaning of G.S. § 25-1-105 so that the law
of this State governs the trial of his claims for breach of warran-
ties. The plaintiff did not suffer the damages from any breach of
warranty for which he seeks recovery until the hockey game in
North Carolina. We do not deem it an undue burden on the de-
fendants Cooper that liability for alleged damage caused by their
product is governed by a place other than that where it was
manufactured or purchased. Defendants Cooper are corporations
conducting business on a multi-national scale and clearly should
foresee the use of their products in any state within this nation.
Plaintiff suffered his injury in this State and brought his action in
its courts; the substantive as well as the procedural laws of this
State govern his claim.

Our holding today is in line with other cases wherein the
issue of "appropriate relation" has been discussed. *See*, for exam-
ple, *Bilancia v. General Motors Corp.*, 538 F. 2d 621 (4th Cir.
1976). (The law of the place of the accident, Virginia, has such an
appropriate relation to make it controlling.) *Aldon Industries, Inc.
v. Don Myers & Associates, Inc.*, 517 F. 2d 188 (5th Cir. 1975) (ap-
plying Florida law where injury occurred solely in Florida); *Whit-
aker v. Harvell-Kilgore Corporation*, 418 F. 2d 1010, *reh. denied*,
424 F. 2d 549 (5th Cir. 1969) (applying Georgia UCC; place of in-
jury); *Teel v. American Steel Foundries*, 529 F. Supp. 337 (E.D.
Mo. 1981) (fact that plaintiffs are Missouri residents and the sub-
ject matter of the contract was primarily situated in Missouri pro-
vides appropriate relation); *Tucker v. Capital Machine, Inc.*, 307 F.
Supp. 291 (M.D. Pa. 1969) (law of place with "more interest in the
problem" applies); *Stephan v. Sears, Roebuck & Co.*, 266 A. 2d 855
(N.H. 1970) (fact that injury giving rise to the cause of action oc-
curred in New Hampshire gives the state an appropriate and
significant relation to the transaction). *See also* Annot., 76 A.L.R.
2d 130 (1961). *See generally* 3 Bender's U.C.C. Service,
Duesenberg & King, Sales and Bulk Transfers § 4.07[2] (1980).
Some courts continue to apply the "place of sale" rule, but
without discussing the application of UCC § 1-105 or "appropriate
relation." *Begley v. Ford Motor Company*, 476 F. 2d 1276 (2d Cir.

1973) (law of place of sale governs breach of warranty, assuming breach of warranty action is a contract action); *Stubblefield v. Johnson-Fagg, Inc.*, 379 F. 2d 270 (10th Cir. 1967) (applying law of the place where the sale occurred); *Handy v. Uniroyal, Inc.*, 327 F. Supp. 596 (Del. D. 1971) (applying Delaware law, place where sale occurs).

We believe the better rule is that a transaction causing personal injury to a plaintiff in this State has "an appropriate relation" to this State within the meaning of G.S. § 25-1-105. Thus, the law of this State should apply. We conclude that based on North Carolina law, the trial court erred in granting defendants Cooper's motion for summary judgment as to plaintiff's warranty claims.

(2)

[3] One of the defenses raised by the defendants Cooper to plaintiff's warranty claims is that they are barred by G.S. § 25-2-725, the UCC statute of limitations. The plaintiff assigned as error the court's granting of summary judgment on this ground. The plaintiff argues, *inter alia*, that his warranty claims are not barred because G.S. § 1-50(6) is the applicable statute of limitations and on the facts in this case, does not bar his claims. We find that neither G.S. § 25-2-725 nor G.S. § 1-50(6) is the applicable statute of limitations in this case.

The UCC statute of limitations in G.S. § 25-2-725 provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Section 2-725(2) explains that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach, and that a breach of warranty occurs (and thus an *action* for breach of warranty *accrues*) when tender of delivery is made.[3] However, where bodily injury to the person

---

3. "Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery." G.S. § 25-2-503(1). In the context of a retail purchase as in this case, "tender of delivery" occurs upon sale. *See Weinstein v. Gen. Motors*, 51 A.D. 2d 335, 381 N.Y.S. 2d 283 (1976); *Patterson v. Her Magesty Industries, Inc.*, 450 F. Supp. 425 (E.D. Pa. 1978).

G.S. § 25-2-725(2) provides an exception to this rule. "[W]here a warranty explicitly extends to future performance of the goods and discovery of the breach

or a defect in property is an essential element of the cause of action, there is a more specific statute of limitations and repose applicable to a non-privity plaintiff's claims. G.S. § 1-15(b), as it existed on the date of plaintiff's injury, provided:

> Except where otherwise provided by statute, a cause of action, other than one for wrongful death or one for malpractice arising out of the performance of or failure to perform professional services, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.

1971 Sess. Laws, ch. 1157, *as amended by* 1975 Sess. Laws, ch. 977. This section has since been repealed, effective 1 October 1979. 1979 Sess. Laws, ch. 654.

Although the UCC statute defines accrual of a cause of action for breach of warranty as the date of tender of delivery, G.S. § 1-15(b) provided that when bodily injury or a defect in property was an essential element of the cause of action, it was "deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs," *provided* that accrual would not occur more than ten years "from the last act of the defendant giving rise to the claim for relief." As stated by Justice Lake in *Raftery v. Construction Co.*, 291 N.C. 180, 188-89, 230 S.E. 2d 405, 409-10 (1976):

---

must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Although the plaintiff's brief contains the statement that "[t]here was such a warranty here," it contains no citation of authority nor argument to support this contention. *See* Rule 28(b), North Carolina Rules of Appellate Procedure. Even if G.S. § 25-2-725 were the applicable statute of limitations in this case, it could not be seriously contended that the exception applies. There is no *explicit* warranty of future performance. *See Triangle Underwriters, Inc. v. Honeywell, Inc.*, 457 F. Supp. 765 (E.D. N.Y. 1978) ("Such a warranty must expressly refer to the future . . . ."); *Beckmeier v. Ristokrat Clay Products Company*, 36 Ill. App. 3d 411, 343 N.E. 2d 530 (1976).

The purpose of G.S. 1-15(b) was to give relief to injured persons from the harsh results flowing from [the previously established rule of law that the right of action for breach of warranty accrues upon sale and delivery or installation, etc. despite the fact that the injury is not discoverable at that point]. By the enactment of this statute in 1971, the Legislature provided that a cause of action, having as an essential element bodily injury or a defect in property, 'which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin' is deemed to have accrued at the time of the injury, was discovered or ought reasonably to have been discovered by the claimant. Thus, the purpose of this statute was to enlarge, not to restrict the time within which an action for damages could be brought.

Yet, as recognized in *Raftery*, the statute did place as an outer limit or cap on this "relief" provided by the Legislature, ten years from "the last act of the defendant giving rise to the claim for relief."[4]

The plaintiff argues that G.S. § 1-50(6) is the applicable statute of limitations in this case. That statute was enacted in 1979 with Chapter 99B, the Products Liability statute. 1979 N.C. Sess. Laws, ch. 654. It provides:

No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

G.S. § 1-50(6) was enacted with Chapter 99B to cover those actions to which that chapter applies.[5] Although labeled a statute of limitations, G.S. § 1-50(6) is more properly referred to as a statute

---

4. Although *Raftery* held that G.S. § 1-15(b) did not apply where injury is apparent as soon as it occurred when the suit is for personal injury based on *negligence* against a defendant not in privity, the claims here that the defendants argue are barred are based on *warranty*.

5. Chapter 99B applies to "any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging or labeling of any product."

of repose in that it places a cap or outer limit on the time period within which a products liability action may be brought irrespective of when the claim accrues. *See* McGovern, the Variety, Policy and Constitutionality of Product Liability Statutes of Repose, 30 Am. U. L. Rev. 579 (1981); Comment, Limiting Liability: Products Liability and a Statute of Repose, 32 Baylor L. Rev. (1980). Indeed, commentators have called G.S. § 1-50(6) a statute of repose. McGovern, *supra*, 30 Am. U. L. Rev. at 580 n. 3; Comment, Alabama's Products Liability Statute of Repose, 11 Cum. L. Rev. 163, 167 n. 24 (1980). G.S. § 1-50(6), like Chapter 99B, became effective on 1 October 1979. Thus, as a prerequisite to maintaining any "action for the recovery of damages for personal injury . . . " arising from that date on, the plaintiff's action must arise, if at all, within "six years after the date of initial purchase for use or consumption."

Here, however, the plaintiff alleges that the injury occurred (and thus the cause of action arose) on 16 February 1979, prior to the effective date of G.S. § 1-50(6). Since G.S. § 1-50(6) makes substantive changes in the law of products liability, it does not apply to claims arising before 1 October 1979. *See Bolick v. American Barmag*, --- N.C. ---, --- S.E. 2d ---, filed this date; *Smith v. Mercer*, 276 N.C. 329, 172 S.E. 2d 489 (1970). Thus, the applicable statute in this case is G.S. § 1-15(b) (now repealed), effective on 16 February 1979 when plaintiff's claim accrued. While G.S. § 1-15(b) changed the time of accrual, it made no provision for the period allowed from accrual within which to bring an action. G.S. § 1-52(1) provides the period, three years. Plaintiff filed his complaint on 14 December 1979, within ten months of the date on which his cause of action arose. In addition, the defendant's answers to the plaintiff's interrogatories establish that the mouthguard was first designed in 1970. Thus, the last act of the defendants Cooper giving rise to the plaintiff's cause of action under any theory alleged clearly occurred within less than ten years "from the last act . . . . " Entry of summary judgment for the defendants on the basis of the statute of limitations was error.

(3)

[4] Another basis on which the defendants contend that summary judgment was proper on Bernick's *express* warranty claim

is that he did not rely upon any express warranty. We do not agree.

First, we point out that the plaintiff's mother was the purchaser of the mouthguard. Plaintiff as a third-party beneficiary of any express warranty made to his mother gets the benefit of the same warranty which she received as purchaser. G.S. § 25-2-318;[6] Official Comment 2 to G.S. § 25-2-318. Thus, it is of no importance that plaintiff Bernick did not rely on or even read the advertising label. Secondly, as pointed out in *Kinlaw v. Long Mfg.*, the element of reliance can often be inferred from allegations of mere purchase or use if the natural tendency of the representations made is such as to induce such purchase or use. 298 N.C. 494, 500 n. 7, 259 S.E. 2d 552, 557 n. 7 (1979). Here, the defendants Cooper promoted their product through hockey catalog advertisements and parent guides. Without a doubt, the natural tendency of a representation of "maximum protection to the lips and teeth" is such as to induce the purchase of a hockey mouthguard by a mother for her son's use while playing. Considering the family purpose of the mother's purchase, reliance may be inferred in this case.

(4)

[5] Regarding *implied* warranty, defendants contend that plaintiff's claim for breach thereof is barred by lack of privity. For the reasons stated below, we do not agree.

First, we observe that the UCC is neutral on the requirement of privity, or a contractual relationship, when the defendant is not the plaintiff's immediate seller. Official Comment 3 to G.S. § 25-2-318.[7] Whether there exists such a requirement is not governed by the UCC, but by developing case law. As stated by the Court in *Kinlaw,* "Our jurisdiction's allegiance to the principle of privity has, at best, wavered." 298 N.C. at 497, 259 S.E. 2d at

---

6. "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

7. "[T]he section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

555. The Court in *Kinlaw* went on to hold that where a plaintiff alleges an express warranty running directly to him, breach of that warranty, and damages caused by the breach, the absence of an allegation of privity between plaintiff and the warrantor in the sale of the warranted item is not fatal to the claim. The rationale of *Kinlaw* applies with equal force to the case before us. "The privity bound procedure whereby the purchaser claims against the retailer, the retailer against the distributor, and the distributor, in turn, against the manufacturer, *see Tedder v. Bottling Co., supra,* 270 N.C. at 305, 154 S.E. 2d at 339, is unnecessarily expensive and wasteful." 298 N.C. at 500-501, 295 S.E. 2d at 557.

> The consuming public ordinarily relies exclusively on the representations of the manufacturer in his advertisements. What sensible or sound reason then exists as to why, when the goods purchased by the ultimate consumer on the strength of the advertisements aimed squarely at him do not possess their described qualities and goodness and cause him harm, he should not be permitted to move against the manufacturer to regroup his loss . . . . Surely under modern merchandising practices the manufacturer owes a very real obligation toward those who consume or use his products. The warranties made by the manufacturer in his advertisements and by the labels on his products are inducements to the ultimate consumers, and the manufacturer ought to be held to strict accountability to any consumer who buys the product in reliance on such representations and later suffers injury because the product proves to be defective or deleterious.

298 N.C. at 501, 259 S.E. 2d at 557, *quoting with approval, Rogers v. Toni Home Permanent Co.,* 167 Ohio St. 244, 248-49, 147 N.E. 2d 612, 615-16 (1958) (citations omitted).

In addition, we deem it appropriate that privity is not required in view of the Legislative abolition of the privity requirement in products liability actions against a manufacturer for breach of implied warranty as of 1 October 1979. G.S. § 99B-2(b);[8] 1979 Sess. Laws, ch. 654.

---

8. G.S. 99B-2(b) provides: "A claimant who is a buyer, as defined in the Uniform Commercial Code, of the product involved, or who is a member of a guest

(5)

[6]   Defendants argue as further grounds to support the granting of summary judgment in their favor that the injury here was not foreseeable and that any warranties made, including a warranty of "maximum protection" do not insure against injury from a criminal assault with a hockey stick. We do not agree. First, it has not been established that the blow amounted to a criminal assault. Furthermore, as argued by the plaintiff, the existence and scope of any warranty is a question for the finder of fact as is the nature and foreseeability of the blow from the hockey stick. *See Young & Cooper, Inc. v. Vestring*, 214 Kan. 311, 521 P. 2d 281 (1974); *Huebert v. Federal Pacific Electric Company*, 208 Kan. 720, 494 P. 2d 1210 (1972); *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979); *Langford v. Shu*, 258 N.C. 135, 128 S.E. 2d 210 (1962); *Rogers v. Crest Motors, Inc.*, 516 P. 2d 445 (Colo. App. 1973); *Janssen v. Hook*, 1 Ill. App. 3d 318, 272 N.E. 2d 385 (1971).

The defendants Cooper argue that plaintiff's only allegation of negligence is that the defendants marketed a product in a defective condition, and that this contention is based solely upon the fact that the mouthguard broke; thus it is insufficient to withstand their motion for summary judgment.

Summary judgment is rarely appropriate in negligence actions because ordinarily it is the duty of the jury to apply the standard of care of a reasonably prudent person. *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E. 2d 190 (1980); *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

All that appears in the record before us are the pleadings, plaintiff's interrogatories and defendants' answers thereto, and the summary of evidence presented at the plaintiff's deposition. Defendants have neither proven that an essential element of the plaintiff's claim is nonexistent, nor shown through discovery that he cannot produce evidence to support an essential element of his

---

of a member of the family of the buyer, a guest of the buyer, or an employee of the buyer not covered by workers' compensation insurance may bring a product liability action directly against the manufacturer of the product involved for breach of implied warranty; and the lack of privity of contract shall not be grounds for the dismissal of such action."

claim; nor have they shown that an affirmative defense is insurmountable.

The trial court erred in entering summary judgment for the defendants Cooper. Thus, the case must be remanded to the Court of Appeals for further remand to the trial court for trial on the merits.

Reversed and remanded.

Justice MITCHELL took no part in the consideration or decision of this case.