JOEL T. CHEATHAM, INC. v. THOMAS M. HALL

No. 829SC1253

(Filed 1 November 1983)

1. **Brokers and Factors § 6— exclusive right to sell agreement—no modification by correspondence from owner**

    Where an exclusive listing and right to sell agreement with a real estate broker reserved the owner's right to sell the property to an existing potential buyer for 30 days, correspondence in which the owner attempted to extend his right to sell to the potential buyer for an additional three months did not modify the agreement and deprive the broker of his right to commissions for the owner's sale of the property to the potential buyer after the original 30-day period had expired.

2. **Brokers and Factors § 6— exclusive right to sell agreement—broker not procuring cause of sale—right to commission**

    Defendant owner was liable for the payment of a real estate broker's commission under an exclusive right to sell agreement where defendant sold the property to a third party during the term of the agreement and the broker was not the procuring cause of the sale.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 11 August 1982 in Superior Court, VANCE County. Heard in the Court of Appeals 20 October 1983.

In this action plaintiff seeks to recover a brokerage commission allegedly due under a contract between plaintiff and defendant for the sale of land belonging to defendant. The contract is dated 21 January 1981, is entitled "EXCLUSIVE LISTING AGREEMENT," and contains the following pertinent provisions:

> In consideration of your agreeing to list the above-described property for sale, and in further consideration of your services and efforts to find a purchaser, you are hereby granted the exclusive right, for a period of 4 month(s) from date, to sell the said property for the price of $325,000.00 and on terms of all cash to me or upon such other terms and conditions as may be agreed upon.

> If the property is sold or exchanged by you, by me, or by any other party before the expiration of this listing, at any terms accepted by me, or within 3 months thereafter, to any party with whom you or your representatives have negotiated, and whose name has been disclosed to me, I agree to pay you a professional brokerage fee of 5% of the gross sales price.

The following are the undisputed material facts in the pleadings and affidavits filed pursuant to plaintiff's motion for summary judgment. At the time defendant entered into the contract in question, he reserved the right to sell the property for thirty days to two existing potential buyers from a prior exclusive listing agreement with a different broker. The term of the prior exclusive listing agreement ended 5 January 1981, and the thirty day period from the execution of the contract in question came to an end 20 February 1981. On 3 February 1981, plaintiff received copies of correspondence in which defendant attempted to extend the three month carry-over period from the prior exclusive listing with the different broker in regard to a Mr. Ernst Dannenberg, one of the existing potential buyers.

On 16 March 1981, defendant and his wife entered into a contract for the sale of the property to Mr. Ernst Dannenberg for $280,000.00. Plaintiff sued defendant to recover a $14,000.00 commission allegedly due it under its exclusive listing contract of 21 January 1981.

Plaintiff's motion for summary judgment was granted.

*Zollicoffer & Zollicoffer, by Nicholas Long, Jr., for plaintiff-appellee.*

*Allsbrook, Benton, Knott, Cranford & Whitaker, by L. McNeil Chestnut, for defendant-appellant.*

HILL, Judge.

The sole issue is whether the trial court erred in granting plaintiff's motion for summary judgment. We find that summary judgment was properly granted.

Upon motion a summary judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. His papers are meticulously scrutinized and all inferences are resolved against him. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). In ruling on a motion for summary judgment, the court should not decide issues of fact. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). "However, summary judgments should be looked upon with favor where no genuine issue of material fact is presented." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971).

Applying these basic tenets to the case under review, we address defendant's contention that summary judgment was improperly granted. This contention is based on there being two material facts in issue: whether defendant properly reserved two prospective buyers from the terms of the second listing contract, and whether defendant is liable for payment of a broker's commission under an exclusive right to sell agreement where defendant sells property to a third party during the term of the agreement and the broker is not the procuring cause of the sale.

[1]  (1) Did defendant properly reserve two prospective buyers from the terms of the listing contract in question?

It is undisputed that the listing contract reserved the right to sell the property to two existing potential buyers for thirty days. However, this thirty-day period expired 20 February 1981,

some three weeks prior to the date of defendant's contract to sell the property to Mr. Dannenberg. Nor do the copies of correspondence plaintiff received in which defendant attempted to extend the prior exclusive listing in regard to Mr. Dannenberg constitute a modification of the contract in question. To be effective as a modification, the subsequent agreement must possess all the elements necessary to form a contract. *Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972); 17 Am. Jur. 2d, Contracts, § 469, p. 939. The evidence is void of any mutual agreement or consideration to support a modification of the original contract. Therefore, as to defendant's first contention, there was no triable issue of fact.

[2] (2) Did the construction of an exclusive right to sell agreement, under which defendant sells property to a third party and the broker is not the procuring cause of the sale, constitute a genuine issue of material fact?

Exclusive listing agreements are of two types: "exclusive agency," interpreted as prohibiting the owner from selling the property through the agency of another broker during the listing period, but the owner may sell the property through his own efforts; and an "exclusive right to sell," prohibiting the owner from selling both personally and through another broker, without incurring liability for a commission to the original broker. *Beasley-Kelso Associates v. Tenney*, 30 N.C. App. 708, 228 S.E. 2d 620, *disc. rev. denied*, 291 N.C. 323, 230 S.E. 2d 675 (1976); *Insurance & Realty, Inc. v. Harmon*, 20 N.C. App. 39, 200 S.E. 2d 443 (1973); R. Lee, North Carolina Law of Agency and Partnership, § 38, p. 54 (3d ed. 1967).

In *Insurance & Realty, Inc. v. Harmon, supra*, this court considered the same wording of the form contract in question used by the plaintiff. The court concluded that the wording, "[i]f the property is sold or exchanged by you, by me, or by any other party . . .," granted an "exclusive right to sell." In accordance with cases of other jurisdictions, in the event the owner breaches this type of agreement, he is liable for the commission which would have accrued if the broker had obtained a purchaser during the period of the listing. The broker need not show that he could have performed by tendering an acceptable buyer, or that he was the procuring cause of the sale. The owner may breach the agree-

ment by arranging a sale in violation of the agreement or by action which renders the broker's performance impossible. See *Carlsen v. Zane*, 261 Cal. App. 2d 399, 67 Cal. Rptr. 747 (1968); see also Annot., 88 A.L.R. 2d 936 (1963) for more cases so holding.

In the case under review, the sale of the property clearly fell within the term of plaintiff's 21 January 1981 exclusive right to sell agreement. Therefore, the trial judge correctly determined as a matter of law that

> the Exclusive Listing Agreement between Plaintiff and Defendant conveyed to Plaintiff the exclusive right to sell the 291-acre farm in Washington County, North Carolina for a period from January 21, 1981 until May 22, 1981 and specifically negatived the right of the owner/defendant to sell the property either in competition with the broker/plaintiff or through another broker during the term of the Contract without being liable for payment of the commission to the Plaintiff as provided in the Contract . . . .

We conclude that plaintiff was entitled to judgment as a matter of law. The summary judgment appealed from is

Affirmed.

Judges ARNOLD and BRASWELL concur.