KAREN SUE ANDERSON, INDIVIDUALLY, AND AS GUARDIAN OF PAUL MICHAEL ANDERSON, A/K/A PAUL MICHAEL BLUNK, MINOR v. CLEM LEE CANIPE AND WIFE, GAYNELL CANIPE, AND CLEM LEE CANIPE, III, MINOR

No. 834SC425

(Filed 3 July 1984)

1. **Assault and Battery § 3— assault and battery by minor—genuine issue of material fact**

In an action to recover for injuries received by the minor plaintiff when he was struck on the head and mouth by a cast worn on the arm of the minor defendant, summary judgment was improperly entered in favor of the minor defendant where a genuine issue of material fact was presented as to whether defendant intentionally struck plaintiff.

**2. Parent and Child § 8— liability of parents for torts of child**

In general, parents are not liable for the torts of their minor children sole-ly by reason of their parent-child relationship. Liability may be imposed on parents, however, if they know, or in the exercise of reasonable care should have known, of the child's habits, tendencies or propensities toward commis-sion of a particular tort, have the opportunity and ability to control the child, and have made no reasonable effort to correct or restrain him.

**3. Parent and Child § 8— action against parents for tort of child — summary judg-ment**

Summary judgment was properly entered for defendant parents in an ac-tion based on negligent supervision of their child who struck the minor plain-tiff with a cast where there was evidence that defendant mother, who was aware of the child's tendency to strike other persons with his cast, had in-structed the child never to hit anyone again, and where there was no evidence that defendant father was aware of the child's tendency to hit others with his cast.

APPEAL by plaintiffs from *Martin, J. C., Judge.* Judgment entered 16 December 1983 in Superior Court, ONSLOW County. Heard in the Court of Appeals 8 March 1984.

This is an action brought by plaintiff Karen Sue Anderson, individually and as guardian ad litem, to recover damages for in-juries sustained when her son Michael was struck in the mouth by a cast worn on the right arm of Clem Lee Canipe, III, minor child of defendants Clem Lee Canipe and Gaynell Canipe.

*Brumbaugh & Donley, by Patrick M. Donley, for plaintiff-ap-pellants.*

*White, Allen, Hooten, Hodges & Hines, P.A., by John R. Hooten, for defendant-appellees.*

JOHNSON, Judge.

On 27 October 1980, Paul Michael Anderson and defendant Clem Lee Canipe, III were in the school yard of Summersill Ele-mentary School. Clem was wearing a cast on his right arm and an ace bandage on his right ankle. While talking with Clem about his sprained ankle, Michael began twisting Clem's ankle. When he twisted Clem's ankle a second time, Clem struck Michael on the head and in the mouth with his right arm, chipping two of Mi-chael's upper front teeth. In their complaint, plaintiffs implied that the blows to Michael's head and mouth were intentional and

that they resulted in actual damages of $1,575.00. They also alleged that Clem Lee Canipe and Gaynell Canipe, parents of Clem, were negligent in that they failed to supervise and restrain their child from abusing and assaulting Michael and other children with his cast. Defendants in their answer admitted that "a collision occurred between a cast which was on the right arm of Clem Lee Canipe, III and Paul Michael Anderson," causing the injuries to Michael's mouth, of which plaintiffs complained. They denied, however, that the blow was intentional and that the defendant-parents were negligent in supervising their child.

On the basis of their pleadings and depositions, defendants moved for and were granted summary judgment. Plaintiffs except and assign as error the granting of defendants' motion for summary judgment. They contend that a genuine issue of material fact exists as to whether the injury suffered resulted from the intentional misconduct of minor defendant Clem Lee Canipe, III.

Rule 56(c) of the Rules of Civil Procedure provides, in part, that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). An issue is genuine if it may be maintained by substantial evidence. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972). An issue is material if the facts alleged would constitute or would irrevocably establish any material element of a claim or defense. *Bernick v. Jurden, supra* at 440, 293 S.E. 2d at 409. To prevail on their motion for summary judgment, defendants have the burden of establishing by uncontroverted evidence the absence of any genuine issue of material fact. *Id.*

[1] In the instant case, the pleadings, affidavits, and depositions clearly present a genuine issue of material fact. Plaintiffs alleged, in effect, that Clem intentionally struck Michael. Defendants, on the other hand, admitted that Clem's right arm, which was in a cast, came in contact with Michael's mouth, but they deny, categorically, that the contact was intentional. It is readily apparent that the real dispute to be resolved between the parties is whether the injury resulted from intentional wrongdoing. It is

equally apparent that this is a material fact since it would establish a material element, of plaintiffs' claim of battery — *intent*. Therefore, we conclude that summary judgment as to minor defendant, Clem Lee Canipe, III was improperly granted.

Plaintiffs also contend that the court erred in granting summary judgment in favor of Clem and Gaynell Canipe, parents of minor defendant. They argue that a genuine issue of material fact exists as to whether the defendant parents were negligent in failing to supervise and control their minor child.

[2] In general, parents are not liable for the torts of their minor children solely by reason of their parent-child relationship. *Langford v. Shu*, 258 N.C. 135, 128 S.E. 2d 210 (1962). Liability may be imposed on parents, however, if they know, or in the exercise of reasonable care should have known of the child's habits, tendencies, or propensities toward commission of a particular tort, have the opportunity and ability to control the child and have made no reasonable effort to correct or restrain him. *Id.* at 139, 128 S.E. 2d at 213. In such cases, the liability of the parents is based on their own negligence and not upon the parent-child relationship. *Id.*; *Lane v. Chatham*, 251 N.C. 400, 111 S.E. 2d 598 (1959). Thus, to prevail on their claim of negligent supervision, plaintiffs must show: (1) that the defendant parents knew or should have known of their child's tendency to use his cast to strike others; and (2) that the defendant parents failed to exercise due care to control his misconduct.

[3] There is evidence in the record from which a jury could properly find that the defendant mother was aware of Clem's tendency to hurt other individuals with his cast. There is no evidence, however, tending to show that the defendant mother failed to make a reasonable effort to correct or restrain her child. Plaintiffs' evidence, to the contrary, contains a sworn statement that the defendant mother had instructed her son never to hit anyone ever again. We are not directed by plaintiffs to any evidence showing that the defendant father was aware of the child's tendency to hit others with his cast. Nor is there any evidence tending to show that the defendant father failed, in the exercise of reasonable care, to exert parental control over the child.

While the granting of summary judgment is a drastic remedy and should be granted cautiously, summary judgment is appropri-

ate when the non-moving party, as in the present case, cannot produce evidence of an essential element of his claim. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Since the record affirmatively discloses the absence of evidence tending to establish the essential elements of plaintiffs' claim of negligent supervision, summary judgment in favor of the defendant parents was proper.

Finally, we note summarily that the minor plaintiff's claim is not barred by the statute of limitations. The statute of limitations began to run against the minor plaintiff's claim upon appointment of his guardian ad litem. *Trust Co. v. Willis*, 257 N.C. 59, 125 S.E. 2d 359 (1962); *Lane v. Surety Co.*, 48 N.C. App. 634, 269 S.E. 2d 711 (1980), *disc. rev. denied*, 302 N.C. 219, 276 S.E. 2d 916 (1981).

For the reasons stated, summary judgment in favor of the minor defendant Clem Lee Canipe, III is reversed and summary judgment in favor of defendants Clem Lee Canipe and Gaynell Canipe is affirmed.

Affirmed in part and reversed in part.

Judges HEDRICK and WHICHARD concur.