ADARON GROUP, INC., PLAINTIFF v. INDUSTRIAL INNOVATORS, INC., DEFENDANT

No. 8814SC80

(Filed 19 July 1988)

**Brokers and Factors § 6.6— exclusive listing contract—purchaser not procured by broker—sale completed after expiration of contract—right to commission**

There was no merit to defendant's contention that no real estate commission was due plaintiff because under an exclusive listing contract between the parties the commission was due only "upon the sale or exchange of said property," and the sale by defendant was not completed until the purchase price was received and the title transferred twelve days after the listing period expired, since, pursuant to the listing contract, plaintiff's function was to seek a

Adaron Group, Inc. v. Industrial Innovators, Inc.

contract of sale during the listing period, not to complete a sale; furthermore, the provision of the agreement entitling plaintiff to a commission if one of its prospects contracted to buy the property within 30 days after the listing period expired was even clearer proof of the parties' understanding that a commission did not depend upon the sale being completed during the listing period.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 2 November 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 1 June 1988.

*William S. Mills for plaintiff appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by William P. Daniell and Charles F. Carpenter, for defendant appellant.*

PHILLIPS, Judge.

This appeal is from a ruling by summary judgment that defendant owes plaintiff, a real estate broker, $75,000 under a contract, admittedly executed by the parties on 13 June 1986, which gave plaintiff the exclusive listing of defendant's land in Eno Industrial Park at the sale price of $1,300,000 for 180 days. The judgment is based upon the foregoing facts and those that follow, all of which were established by the papers recorded in the court below.

The listing contract contains the following provisions:

. . . I/we hereby give and grant you for a period of 180 days from the date of this instrument, *the exclusive right and authority to sell the property,* hereinafter described for the price and upon the terms hereinafter set forth.

*I/we here agree to pay you in cash a commission of 6% on the gross consideration upon the sale or exchange of said property, by whomsoever the same may be made or effected, upon the terms hereinafter mentioned, or upon any other terms mutually agreeable.* If within seven days after this listing expires you furnish me/us with a list of prospects to whom you or your representative have actually shown this property, then I/we will pay you the full commission should any of these prospects purchase, or contract to purchase, this property within 30 days after expiration of this listing. After

this period I/we shall be under no further obligation to you whatsoever. (Emphasis supplied.)

On 8 December 1986, two days before plaintiff's 180 day listing expired, defendant and the Durham County Board of Education entered into a written contract wherein defendant agreed to sell the property and the Board agreed to buy it for $1,250,000, and to close the transaction by paying the purchase price on or before 23 December 1986. In compliance with that agreement the Board paid the purchase price and received the title to the property on 22 December 1986. Plaintiff had nothing to do with this sale.

The facts stated, in our opinion, inevitably lead to the conclusion, as the court ruled, that plaintiff is entitled to the commission sued for. Defendant's main contention, the only one requiring discussion, is that no commission is due plaintiff because under the agreement the commission was due only "upon the sale or exchange of said property," and the sale was not completed until the purchase price was received and the title transferred twelve days after the listing period expired. Apparently, our Courts have not heretofore determined whether under the usual exclusive listing contract, such as the one here involved, a commission is due the broker when the purchase of the property is contracted for but not completed during the listing period. And for that matter our examination of the exclusive listing decisions in our reports indicates that it has not been contended until now that the broker's commission under such a contract depends upon the sale being completed during the listing period; though such a contention could have been made, with more basis than here, in *Joel T. Cheatham, Inc. v. Hall,* 64 N.C. App. 678, 308 S.E. 2d 457 (1983) where, as the record shows, the sale was not completed until seven months after the exclusive listing period expired. In all events the contention is fallacious on its face and we reject it. For under the listing contract, as the parties clearly understood, plaintiff's function was to seek a contract of sale during the listing period, not to complete a sale, which it could not possibly do anytime, since it did not own the property; and the provision entitling plaintiff to a commission if one of its prospects contracted to buy the property within 30 days after the listing period expired is even clearer proof of their understanding that a commission did not depend upon the sale being completed during the listing period, but rather upon a contract of sale being entered

into within the time designated. The words "upon the sale or exchange of said property," relied upon by defendant, merely established when any commission due plaintiff would be paid. Other courts in considering similar cases have generally reached the same result. 12 C.J.S. *Brokers* Sec. 175, pp. 556, 558-559 (1980).

Affirmed.

Judges WELLS and BECTON concur.